Troutman Law Firm PC
5075 SW Griffith Dr., Suite 220
Beaverton, OR 97005
(503) 292-6788
(503) 596-2371 fax
Ted A. Troutman, OSB #844470

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re: | Case No. 19-31320-dwh13 |
|---|---|
| MICHAEL KENNAN DAVISON & NOKE DAVISON, | **NOTICE OF INTENT TO BORROW $60,000 AND SECURE LOAN WITH DEBTORS INTEREST IN THEIR HOME** |
| Debtor(s). | |

PLEASE TAKE NOTICE that Debtors intend to borrow an additional $60,000 against their home pursuant to the terms of the attached Note and Trust Deed. The Court has already approved the interim loan of $40,000. The funds are necessary to provide working capital for Debtors business.

   **YOU ARE NOTIFIED that unless within <u>21 days</u>, plus <u>3 days mailing time</u>, of the date of this notice you file a written objection to it, <u>and set forth the specific grounds for such objection and your relation to the case</u>, with the <u>Clerk of the Court at 1050 SW Sixth Avenue, 7th Floor, Portland OR 97204</u> and mail a copy to Debtor's attorney <u>Ted A. Troutman, 5075 SW Griffith Drive, Suite 220, Beaverton OR 97005</u>, the undersigned will proceed to take the proposed action or apply for a court order if required, without further notice or hearing.**

Dated this 6th day of September, 2019.

       */s/ Ted A. Troutman*

       _____
       Ted A. Troutman, OSB #844470
       Attorney for Debtors

# *PROMISSORY NOTE*
*(Installment)*

$100,000.00                         Portland, Oregon                         September 6, 2019

      We, Michael & Noke Davison, promise to pay to the order of the Howard and Jean Bingham Living Trust, the sum of One Hundred Thousand Dollars ($100,000.00), plus interest thereon at the rate of three and one-half percent (3.5%) per annum from this date, until paid. This Note is secured by a deed of Trust.

      The funds will be disbursed as follows: Forty Thousand ($40,000.00) on September 6, 2019; and Sixty Thousand Dollars ($60,000.00) on October 1, 2019.

      Two month's interest on the first payment of $40,000, in the amount of Two Hundred Thirty-three Dollars and thirty-three cents ($233.33), will be paid immediately upon receipt of the first payment on September 6, 2019. One month's interest on the second payment of $60,000, in the amount of One Hundred Seventy-five Dollars ($175.00) will be paid immediately upon receipt of the second payment on October 1, 2019. The first year's interest in the amount of Three Thousand, Five Hundred Dollars ($3,500.00) will be pre-paid on November 1, 2019. After the first year, the interest rate will be the greater of three and one-half percent (3.5%) or the current prime rate as published in the Wall Street Journal. Following the first year, the interest will be pre-paid annually on the 1st of November of each year.

      In addition to the annual interest payments an annual payment of Twenty Thousand Dollars ($20,000) to be applied against the principal will be paid on the 1st of November beginning in the year 2020 until paid in full. The entire balance due on this note, including principal and interest, shall be payable in full on or before October 31, 2024.

      If any installment is not paid within ten days of the date on which it falls due, the whole sum of both principal and interest shall become immediately due and payable, at the option of the holder of this note. In addition, in the event any payment required under the terms of this note is not paid within ten days of its due date, there shall be assessed and tendered with any late payment a late charge of 5% of the monthly payment amount. This is a cumulative remedy and without prejudice to any other right of payee.

      If this note is placed in the hands of an attorney for collection, the undersigned also promises to pay the holder's reasonable attorney's fees and collection costs, even though no suit or action is filed hereon. However, if a suit or action is filed, the amount of such reasonable attorneys fees shall be fixed by the court or courts in which the suit or action, including any appeal therein, is tried, heard, or decided.

_____                    _____
Michael Davison                                                           Noke Davison

TRUST DEED

Michael & Noke Davison
1355 SW 84th Ave.
Portland, OR 97225
Grantor's Name and Address

Howard & Jean Bingham Living Trust
Howard & Jean Bingham, Trustees
15363 NW Troon Dr.
Portland, OR 97229
Beneficiary's Name/Address

After Recording, return to:
Ted A. Troutman
Troutman Law Firm, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005

THIS TRUST DEED, made this 6th day of September, 2019, between Michael & Noke Davison, husband and wife, as Grantor, WFG National Title Insurance Company, as Trustee, and the Howard & Jean Bingham Living Trust, Howard & Jean Bingham, Trustees, as Beneficiary,

*WITNESSETH:*

Grantor irrevocably grants, bargains, sells and conveys to trustee in trust, with power of sale, the property in Washington County, Oregon, described as:

Legal Description is attached as Exhibit A

Also known as: 1355 SW 84th Ave., Portland, OR 97225

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in anywise now or hereafter appertaining, and the rents, issues and profits thereof and all fixtures now or hereafter attached to or used in connection with the property.
FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of <u>One Hundred Thousand</u> Dollars ($100,000.00), with interest thereon according to the terms of a Promissory Note of even date herewith, payable to Beneficiary or order and made by grantor, the final payment of principal and interest hereof, if not sooner paid, to be due and payable October 31, 2024.
The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable. Should the grantor either agree to, attempt to, or actually sell, convey, or assign all (or any part) of the property or all (or any part) of grantor's interest in it without first obtaining the written consent or approval of the beneficiary, then, at the beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and payable. The execution by grantor of an earnest money agreement does not constitute a sale, conveyance or assignment.
To protect the security of this trust deed, grantor agrees:
1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; not to commit or permit any waste of the property.
2. To complete or restore promptly and in good and habitable condition any building or improvement that may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefore.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require and to pay for filing same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or

Page -1- TRUST DEED

damage by fire and such other hazards as the beneficiary may from time to time require, in an amount not less than $100,000.00, written in companies acceptable to the beneficiary, with loss payable to the latter, all policies of insurance shall be delivered to the beneficiary as soon as insured; if the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges become past due or delinquent and promptly deliver receipts therefore to beneficiary; should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof and for such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described, and all such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and constitute a breach of this trust deed.

6. To pay all costs, fees and expenses of this trust including the cost of title search as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation and trustee's and attorney's fees actually incurred.

7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees; the amount of attorney fees mentioned in this paragraph 7 in all cases shall be fixed by the trial court and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum at the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.

IT IS MUTUALLY AGREED THAT:

8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking, which are in excess of the amount required to pay all reasonable costs, expenses and attorney's fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney's fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby; and grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation, promptly upon beneficiary's request.

9. At any time and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the A person or persons legally entitled thereto,@ and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall not be less than $50.00.

10. Upon any default by grantor hereunder beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in grantor's performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such an event the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclosure this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Tendering the performance required under the obligation or trust deed may cure any other default that is capable of being cured. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed together with trustee's and attorney's fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary may purchase at the sale.

15. When trustee sells pursuant to the power provided herein, trustee shall apply the proceeds of sale to payment of (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney, (2) to the obligation secured by the trust deed, (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority and (4) the surplus, if any, to the grantor or to any successor in interest entitled to such surplus.

16. Beneficiary may from time to time appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed duly executed and acknowledged, is made a pubic record as provided by law. Trustee is not obligated to notify any party hereto to pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants and agrees to and with the beneficiary and the beneficiary's successor in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title thereto, except as may be set forth in an addendum or exhibit attached hereto, and that the grantor will warrant and forever defend the same against all persons whomsoever.

**WARNING:** UNLESS GRANTOR PROVIDED BENEFICIARY WITH EVIDENCE OF INSURANCE COVERAGE AS REQUIRED BY THE CONTRACT OR LOAN AGREEMENT BETWEEN THEM, BENEFICIARY MAY PURCHASE INSURANCE AT GRANTOR'S EXPENSE TO PROTECT BENEFICIARY'S INTEREST. THIS INSURANCE MAY, BUT NEED NOT, ALSO PROTECT GRANTOR'S INTEREST. IF THE COLLATERAL BECOMES DAMAGED, THE COVERAGE PURCHASED BY BENEFICIARY MAY NOT PAY ANY CLAIM MADE BY OR AGAINST GRANTOR. GRANTOR MAY LATER CANCEL THE COVERAGE BY PROVIDING EVIDENCE THAT GRANTOR HAS OBTAINED PROPERTY COVERAGE ELSEWHERE. GRANTOR IS RESPONSIBLE FOR THE COST OF ANY INSURANCE COVERAGE PURCHASED BY BENEFICIARY, WHICH COST MAY BE ADDED TO GRANTOR'S CONTRACT OR LOAN BALANCE. IF IT IS SO ADDED, THE INTEREST RATE ON THE UNDERLYING CONTRACT OR LOAN WILL APPLY TO IT. THE EFFECTIVE DATE OF COVERAGE MAY BE THE DATE GRANTOR'S PRIOR COVERAGE LAPSED OR THE DATE GRANTOR FAILED TO PROVIDE PROOF OF COVERAGE. THE COVERAGE BENEFICIARY PURCHASES MAY BE CONSIDERABLY MORE EXPENSIVE THAN INSURANCE GRANTOR MIGHT OTHERWISE OBTAIN ALONE AND MAY NOT SATISFY ANY NEED FOR PROPERTY DAMAGE COVERAGE OR ANY MANDATORY LIABILITY INSURANCE REQUIREMENTS IMPOSED BY APPLICABLE LAW.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are for an organization, or (even if grantor is a natural person) are for business or commercial purposes.

This deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may each be more than one person; that if the context so requires, the singular shall be shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first above written.

_____  
Michael Davison

_____  
Noke Davison

STATE OF OREGON )  
                               ) ss.  
County of Washington )

This instrument was acknowledged before me on September _____, 2019, by Michael & Noke Davison.

_____  
Notary Public for Oregon  
My Commission Expires: _____

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re:

MICHAEL KENNAN DAVISON &
NOKE DAVISON,

Debtor(s).

Case No. 19-31320-dwh13

**CERTIFICATE OF SERVICE**

I, Lisette Barajas, Declare as follow:

    I certify that on **September 6, 2019**, I served, by **first class mail**, a full and true copy of the attached **Notice of Intent to Borrow $60,000 and Secure Loan with Debtors Interest in Their Home and Certificate of Service** on the following by causing a copy thereof to be placed in a sealed envelope, postage prepaid, addressed as shown below, in the U.S. Mail at Beaverton, Oregon on the date indicated below:

                              **"See attached Service List"**

                          Dated: **September 6, 2019**

                          /s/ Lisette Barajas
                          **Lisette Barajas, Legal Assistant to**
                          **Ted A. Troutman**

**1 | Page** Certificate of Service

Troutman Law Firm PC
5075 SW Griffith Dr., Suite 220
Beaverton, OR 97005
(503) 292-6788
(503) 596-2371 fax

Case 19-31320-pcm13    Doc 36    Filed 09/06/19

# SERVICE LIST
## Via US Mail

Howard & Jeanie Bingham
15365 NW Troon
Portland OR 97229

Washington County Tax Collector
155 N 1st Ave #130
Hillsboro, OR 97124

Internal Revenue Service
Centralized Insolvency Solutions
PO Box 7346
Philadelphia, PA 19101

KeyBank N.A.
4910 Tiedeman Rd.
Brooklyn, OH 44144

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

U.S. Bank National Association
Bankruptcy Department
PO Box 108
St. Louis MO 63166-0108

Wells Fargo Bank, N.A.
Small Business Lending Division
P.O. Box 29482
Phoenix AZ 85038-8650

Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

U.S. Bank National Association
Bankruptcy Department
PO Box 5229
Cincinnati, Ohio 45201-5229

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2238

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Pac-Fung Home Textiles He Shan Co. Ltd.
Brown & Joseph, LLC c/o Don Leviton
PO Box 59838
Schaumburg, IL 60159

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Portfolio Recovery Associates, LLC
c/o Care Credit
POB 41067
Norfolk VA 23541

Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57117

Saharoj Textiles Co., Tt
145,147 Soi Sukhmvit 62/1, Sukhumvit Rd
Bangchak, Prakanong, Bangkok 10260
Thailand

Saharoj Textile (1991) Co. LTD
144, 144/1-6 M.8
Naiklongbangplakod Phrasam
Uthjedi Samutprakarn 10290

Michael & Noke Davison
1355 SW 84th Ave.
Portland OR 97225